IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GARY MATHEW ROBERTS, | : | |
| | : | |
| Claimant, | : | |
| | : | |
| v. | : | CASE NO. 3:12-CV-16-CAR-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Respondent. | : | |

_____

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability insurance benefits and supplemental security income, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this

court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. ▪ 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. ▪ 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the AListing@.  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant applied for a period of disability and disability insurance benefits on October 29, 2009, alleging disability October 2, 2009, due to a fractured skull, re-learing how to read and write, re-learning motor skills, fractured vertebrae, left ear damage, bad

hearing and brain trauma.  (Tr. 159; ECF No. 10.)  Claimant's application was denied, and Claimant timely requested a hearing before an Administrative Law Judge ("ALJ").  The Claimant appeared before an ALJ for a hearing on March 23, 2011, and following the hearing, the ALJ issued an unfavorable decision on May 18, 2011.  (Tr. 18-28.)  The Appeals Council ultimately denied Claimant's Request for Review on July 29, 2011.  (Tr. 1-6.)  This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 18.)  The ALJ found that Claimant had a skull fracture, affective and mood disorders, disorders of the back, and other lumber fractures, which were determined to be severe.  (*Id.*)  The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id.*)

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a range of medium work, with a limited but satisfactory ability in the following areas: (1) the ability to understand, remember, and carry out detailed instructions; (2) the ability to maintain attention and concentration for extended periods; (3) the ability to complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; (4) the ability to interact appropriately with the general public and to accept instructions from supervisors; and (5) the ability to set realistic goals and make

plans independently of others. (Tr. 25.) The ALJ determined that at the time of his alleged onset date, Claimant was twenty-one years old. (Tr. 25.) The ALJ further found that Claimant had a high school education and that Claimant could perform some his past relevant work. (Tr. 28.) In making that determination, the ALJ utilized the testimony of a Vocational Expert who referenced the Dictionary of Occupational Titles (DOC) which demonstrated that Claimant could return to his previous work as a counter clerk or supervisor. (*Id.*)

## ISSUES

I.  **Whether the Appeals Council erred in denying review of Claimant's case based on new evidence properly submitted after the hearing.**

II. **Whether the ALJ erred in determining Claimant's residual functional capacity (RFC).**

III. **Whether the ALJ erred in properly evaluating Claimant's past relevant work.**

## DISCUSSION

I.  **Whether the Appeals Council erred in denying review of Claimant's case based on new evidence properly submitted after the hearing.**

Claimant's first issue alleges that the Appeals Council erred in denying review of evidence which was timely submitted. (Cl.'s Br. 12.) Claimant argues that the medical evidence submitted after the hearing was noncumulative, material, and chronologically relevant. (*Id.*)

The Regulations state that the Appeals Council will review an ALJ's decision only when it determines after review of the entire record, including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the

record. 20 C.F.R. § 404.970(b). New evidence presented to the Appeals Council must relate to the period on or before the ALJ's hearing decision. *Id*. In the case at bar, the Appeals Council received the new evidence and considered it, but determined that the evidence did not provide a basis for changing the final decision of the ALJ.

When the Appeals Council has denied review of new evidence properly presented, a reviewing court must consider whether the denial of benefits is supported by substantial evidence in the record as a whole, including the evidence submitted to the Appeals Council. *Ingram v. Comm'r. of Soc. Sec. Admin.*, 496 F.3d 1253, 1262, 1266-67 (11th Cir. 2007). If denial of benefits is erroneous, the decision of the Appeals Council is subject to modification, reversal or remand pursuant to sentence four of 42 U.S.C. § 405(g). (*Id*.) In this case, because new evidence was properly presented to the Appeals Counsel, consideration under sentence four is appropriate. Under sentence four of § 405(g), the district court must generally "consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits." *Id.* at 1257-58.

Claimant argues that the evaluation performed by Dr. Butryn is new and non-cumulative because it did not exist prior to the hearing and is the only evaluation of its kind of Claimant. (Cl.'s Br. 12.) Claimant further contends that the evidence is chronologically relevant because it was performed over a three day period within five months of the ALJ's decision being rendered and which evaluated Claimant's impairments as they existed prior to the decision. (*Id.*) Lastly, Claimant argues the

evidence is material because there is a reasonable probability that it would change the ALJ's decision. (*Id.*)

Here, the Appeals Council accepted new evidence in the form of a neuropsychological evaluation by Dr. Butryn after three days of neurological testing done in August and October 2011. (Tr. 612-617.) The Appeals Council considered the evidence but found that it did not provide a basis for changing the ALJ's decision. (Tr. 2.) Thus, the Appeals Council denied review. The Commissioner contends that the evaluation is not chronologically relevant because it was based on testing which occurred after the ALJ's decision was rendered. (Comm'r's Br. 10; ECF No. 12.) Alternatively, as noted above, Claimant argues that the evidence is relevant because it "evaluates behaviors documented prior to the [ALJ's] decision."

Because the evidence involves Claimant's mental condition within the relevant time period, the newly submitted evidence establishes a likelihood that the ALJ would have reached a different result had he been privy to said evidence. Thus, the Appeals Council erred in concluding that the weight of the evidence was consistent with the ALJ's decision and in denying review of Claimant's case.

## CONCLUSION

Having found that the Commissioner erred as to the issue analyzed above, the Court finds no need to address the remaining claims. However, on remand, the ALJ is directed to address the remaining claims as raised by Claimant.

WHEREFORE, for the foregoing reasons, pursuant to sentence four, it is RECOMMENDED that this case be REMANDED to the Commissioner for further

proceedings consistent with this order.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this, the 12th day of December, 2012.

S/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE