IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GARY ROBERTS, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | No. 3:12-CV-16 (CAR) |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN, | : | |
| Commissioner of Social Security, | : | |
| | : | |
|     Defendant. | : | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

This matter comes before the Court on Plaintiff Gary Robert's Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA). [Doc. 17]. On January 9, 2013, this Court reversed the Commissioner's decision in this matter and remanded it to the administrative level for further proceedings. Because the Court entered Judgment in Plaintiff's favor, Plaintiff filed the current Motion for attorney's fees. Plaintiff requests $8,734.31 in attorneys' fees, for 47.35 hours of attorney work done in 2012 and 2013, at hourly rates using the EAJA cap of $125 per hour adjusted for inflation using the Urban Consumer Price Index (CPI-U) published by the Bureau of Labor Statistics. The Commissioner objects to the number of hours claimed. [Doc. 18]. Having considered the parties' arguments and the relevant law, and for the reasons explained herein, the

1

Court hereby **GRANTS** Plaintiff's Motion [Doc. 17] and awards attorney's fees in the amount set forth below.

## STANDARD FOR AWARDING EAJA ATTORNEY'S FEES

The Equal Access to Justice Act ("EAJA") allows a civil litigant who prevails in a civil action against the United States to recover attorney's fees unless the position of the United States was substantially justified.[1]  Specifically, the EAJA provides that:

> [a] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[2]

The statute further provides that awards of attorney's fees shall be based on prevailing market rates for comparable services, but that fees in excess of $125 per hour shall not be awarded "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[3]

In this case, no dispute exists over whether an award of attorney's fees is justified. The Commissioner opposes the request for attorney's fees only to the extent of the

---

[1] 28 U.S.C. § 2412(d)(1)(A).
[2] *Id.*
[3] 28 U.S.C. § 2412(d)(2)(A).

number of hours claimed.

## DISCUSSION

The Commissioner contends that certain hours of attorney work are excessive and redundant and therefore unreasonable for this case.  First, the Commissioner requests that the Court deduct at least 10 hours from the 25.15 hours spent preparing the brief in support of Plaintiff's appeal arguing that (1) the hours are excessive in light of counsel's 30 years' of legal experience and purported expertise in the field of social security; and (2) the medical history and legal issues are not novel or complex.  Second, the Commissioner requests the Court deduct 4 hours from the 9.5 hours spent preparing the reply brief arguing the brief was predominantly a restatement of the Commissioner's arguments and a reiteration of several arguments made in the original brief.  Finally, the Commissioner requests that the Court deduct the entire 3.8 hours billed by another attorney for reviewing and revising the initial brief and the reply brief. In sum, the Commissioner submits that deducting the above 17.8 hours from the 47.35 total attorney work hours would total 27.35 which is a reasonable number of hours spent working on this case.

The district court is responsible for excluding any unnecessary work from the fee award.[4]  "A court may reduce excessive, redundant, or otherwise unnecessary hours in

---

[4] *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

the exercise of billing judgment."[5]  While an attorney "may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights," there "is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."[6]

The Court finds the total number of attorney work hours spent on this case is reasonable.  The affidavits of Plaintiff's counsel show each of the attorneys to be competent, with significant experience in representing clientele in Social Security cases. Counsel maintains that each hour worked on this case was necessary and reasonable. The administrative record in this case was over 600 pages, which counsel thoroughly summarized for the Court. The affidavits thoroughly document the hours spent on this case and sufficiently describe the expended hours. Moreover, the 3.8 hours spent by one of Plaintiff's attorneys reviewing and revising briefs originally drafted by another attorney is not excessive; indeed, it is a common practice reasonably billed to a paying client.

---

[5] *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988).
[6] *Norman*, 836 F.2d at 1301-02.

## CONCLUSION

In accordance with the foregoing, Plaintiff's Motion for Attorney's Fees [Doc. 17] is **GRANTED**, and **IT IS ORDERED** that Plaintiff receive $8,734.31 in attorneys' fees.

**SO ORDERED** this 20th day of June, 2013.

                        S/   C. Ashley Royal
                        C. ASHLEY ROYAL, JUDGE
                        UNITED STATES DISTRICT COURT

SSH